# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1094

_____

United States of America,             *
                                     *

        Appellee,          *

                                     *   Appeal from the United States
        v.                   *   District Court for the
                                     *   Southern District of Iowa.

Fidel Javier Bencomo, also known as   *

Ramon Gardea,                 *      [UNPUBLISHED]

                                     *

        Appellant.        *

_____

Submitted: September 7, 2005
Filed: September 13, 2005

_____

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Fidel Javier Bencomo appeals the statutory minimum sentence the district court[1] imposed after he pleaded guilty to possessing with intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). For reversal, he argues that the district court erred in denying him "safety-valve" relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. We affirm Bencomo's sentence.

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

The district court did not clearly err in concluding that Bencomo failed to satisfy his burden of demonstrating that he truthfully provided to the government all of the information about his offense. See 18 U.S.C. § 3553(f)(5) (one requirement for safety-valve relief is that defendant must truthfully provide all relevant information about offense prior to sentencing); U.S.S.G. § 5C1.2(a)(5) (same). Immediately after his arrest, Bencomo identified himself using a false name, and during his proffer interview, he provided names to identify the two persons who allegedly recruited him to transport marijuana that were different than the two names that he had given after his arrest. Further, neither those persons, nor the person whom Bencomo identified as the individual slated to receive the marijuana shipment that Bencomo had been carrying, could be found on any database, and other information indicated that someone whom Bencomo did not mention during his proffer interview had been involved in the shipment. See United States v. Alvarado-Rivera, 412 F.3d 942, 947-48 (8th Cir. 2005) (en banc) (defendants have burden to show that they met each requirement for safety-valve relief; in assessing truthfulness of safety-valve proffer, district court may draw reasonable inferences from evidence).

Accordingly, we affirm.

_____